United States District Court
Southern District of Texas
**ENTERED**
May 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADIL RAZZAQ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00589 |
| | § | |
| TBO DISTRIBUTION, LLC, | § | |
| JAMES CLIFTON THIEBAUD, and | § | |
| JANICE CURTIS PORTER, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON POST-JUDGMENT DISCOVERY

This is a breach-of-contract and Fair Labor Standards Act dispute between Plaintiff Adil Razzaq and Defendants TBO Distribution, LLC, ("TBO Distribution"), James Clifton Thiebaud, and Janice Curtis Porter. (Dkt. No. 1). This case involves Razzaq's claims for unpaid commissions and overtime wages and has already settled, and an agreed judgment has been entered. (Dkt. No. 19). Since entry of the judgment, Razzaq has moved for a writ of garnishment, (Dkt. No. 20), which was granted, (Dkt. No. 21), and post-judgment discovery in aid of execution of his judgment, (Dkt. No. 25).

Razzaq states that Defendants have paid only $20,000 of the $50,000 owed to him from the settlement. (*Id.* at 2). He claims that "in an effort to avoid payment of the outstanding $30,000.00 balance, the Defendants have closed their bank account at Amegy Bank, [which is] the account that Defendants [had previously] utilized to make" their partial payments. (*Id.*); (*see also* Dkt. No. 25-2). Pending before the Court is Plaintiff's Motion for Judgment Debtor Examination, (Dkt. No. 25), which seeks to discover assets

upon which execution may be made.[1]  After careful consideration, this Motion is **DENIED**.

I.    **LEGAL STANDARD**

Rule 69 of the Federal Rules of Civil Procedure governs post-judgment discovery and provides, in relevant part, that "[i]n aid of the judgment or execution, [a] judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  Rule 69 is "intended to establish an effective and efficient means of securing the execution of judgments."  *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 256 (5th Cir. 2019) (internal quotation marks and citation omitted).  The scope of post-judgment discovery therefore "is very broad to permit a judgment creditor to discover assets upon which execution may be made."  *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).

When the party seeking post-judgment discovery elects to do so as provided by federal law, the same rules which govern pre-trial discovery also apply to post-judgment discovery.  *See id.* at 171–72; *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1405–06 (5th Cir. 1993).  As with pre-trial discovery, a party seeking to compel post-judgment discovery may file motions under Rule 37 if the other party has failed to answer an interrogatory or produce documents.  Fed. R. Civ. P. 37(a)(3)(A)–(B).

---

[1]    Razzaq's choice of title aside, the substance of the Motion reveals that it is actually a motion for post-judgment discovery in accordance with Rule 69 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 69(a)(2).

## II.     DISCUSSION

Judgment creditors typically move for post-judgment discovery under Rule 69 when the judgment debtor has failed to properly respond to discovery requests—in which case a motion to compel under Rule 37 is the appropriate vehicle to obtain the requested discovery. *See*, *e.g.*, *Nat'l Satellite Sports, Inc. v. Elizondo*, No. 3:00-CV-02297, 2003 WL 21507362, at *1 (N.D. Tex. Apr. 25, 2003); *Goodwin v. Gallagher*, No. 5:20-CV-00111, 2021 WL 6774688, at *1 (N.D. Tex. Oct. 1, 2021); *United States v. Gutierrez*, No. 5:19-CV-00092, 2021 WL 8945135, at *1 (S.D. Tex. Aug. 18, 2021). Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if another party "fails to make a disclosure required by Rule 26(a)[.]" Fed. R. Civ. P. 37(a)(3)(A)–(B).

In the present case, however, Razzaq has likely jumped the gun in moving for post-judgment discovery because the record does not reflect that the Defendants—TBO Distribution, Thiebaud, and Porter—failed to answer any actual discovery requests. Based on the record presently before the Court, Razzaq did not serve any discovery requests on the Defendants prior to moving to compel production. Razzaq must make discovery requests prior to moving to compel and only after the Defendants have failed to adequately respond. *See*, *e.g.*, *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery *and have been requested but not received*." (emphasis added)); *Williams v. Santander Consumer USA Holdings, Inc.*, No. 3:21-CV-03176, 2022 WL 562896, at *8 (N.D.

3

Tex. Feb. 24, 2022) (citing *Simon v. Taylor*, No. 1:12-CV-00096, 2014 WL 6633917, at *27 (D.N.M. Nov. 18, 2014)).

The Court additionally notes that parties, prior to filing motions to compel discovery, must comply with the conferral requirements in both Rule 37(a)(1) and the applicable Local Rules. *See*, *e.g.*, *Selim v. Fivos, Inc.*, No. 2:22-CV-01227, 2023 WL 3172467, at *2 (W.D. Wash. May 1, 2023) (declining to consider the motion to compel because the parties did not satisfy the meet-and-confer requirement of the applicable local rule). A party who moves for an order compelling disclosure or discovery must include, in its motion "a certification that the movant has in good faith conferred or attempted to confer with . . . [the] party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also Simon*, 2014 WL 6633917, at *24 (explaining that "[a] party must satisfy . . . rule 37(a)(1)" before filing a motion to compel). Additionally, under Local Rule 7.1, opposed motions must "contain an averment that . . . (1) [t]he movant has conferred with the respondent and (2) [c]ounsel cannot agree about the disposition of the motion." L.R. 7.1(D).

Finally, parties must also comply with the undersigned's procedures, which provide that motions on discovery disputes may not be brought without permission, and "[t]o obtain permission, the party seeking relief must submit a letter not exceeding approximately two single-spaced pages" identifying the nature of the dispute, outlining the issues, and stating the contested relief sought. *Court Procedures*, Hon. Drew B. Tipton, https://www.txs.uscourts.gov/sites/txs/files/Tipton%20Procedures.pdf.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment Debtor Examination, (Dkt. No. 25), is **DENIED WITHOUT PREJUDICE** to re-filing upon a showing that the Defendants have failed to respond to post-judgment discovery requests.

It is SO ORDERED.

Signed on May 28, 2023.

*[Signature]*
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**